JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

NIQA   19 2569

## I. (a) PLAINTIFFS
Gigi Southwood

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Preeya Bansal, Esq., Murphy Law Group, LLC, 1628 John F. Kennedy Blvd., Ste. 2000, Philadelphia, PA 19103; 267-273-1054

## DEFENDANTS
Ridgecrest Operating, LP d/b/a Symphony Manor of Feasterville; Milestone Management PA-Feasterville, LLC;

County of Residence of First Listed Defendant: Chester County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | [x] 710 Fair Labor Standards Act | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS - Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S.C. § 201, et seq., 43 P.S. § 333, et seq.

Brief description of cause:
Unpaid wages and failure to accurately track hours

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE: 6/12/2019

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG JUDGE

JUN 13 2019



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| Gigi Southwood | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| Milestone Management PA-Feasterville, LLC & Ridgecrest Operating, LP d/b/a Symphony Manor | : | NO. 19 2569 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| 6/12/2019 | Preeya Bansal, Esquire | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-273-1054 | 215-525-0210 | pbansal@phillyemploymentlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN 13 2019

NIQA

19-CV-2569

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1354 Wells Street, Philadelphia, PA 19111__

Address of Defendant: __201 NE Park Plaza Drive, Ste. 2015, Vancouver, VA 98684; 2 West Baltimore Avenue, Ste. 350, Media, PA 19063__

Place of Accident, Incident or Transaction: __2 West Baltimore Avenue, Ste. 350, Media, PA 19063__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/12/2019   _____   319359
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* __FLSA__

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases
    *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Preeya Bansal__, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: 06/12/2019   _____   319359
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

JUN 13 2019



# MURPHY LAW GROUP, LLC

DEDICATED TO PROTECTING EMPLOYEE RIGHTS

**ATTORNEYS**

MICHAEL MURPHY**
MICHAEL C GROH***
BENJAMIN SALVINA**
PREEYA BANSAL**
EDMUND C. CELIESIUS*
RACHEL R STEVENS**

*(Admitted in PA)
**(Admitted in PA & NJ)
***(Admitted in PA, NJ, & NY)

June 13, 2019

**Via Hand-Delivery**

Clerk of Court
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

**Re:  Gigi Southwood v. Milestone Management PA- Feasterville, LLC and Ridgecrest Operating, LP d/b/a Symphony Manor of Feasterville**

Dear Sir/Madam:

Enclosed, for filing with respect to the above-referenced matter, please find an original and two copies of the Plaintiff's Civil Action Complaint, a Civil Cover Sheet, and a check made payable to Clerk, United States District Court, in the amount of $400.00. Please time stamp the extra copy of the Complaint and return to me in the self-addressed envelope I have enclosed. A PDF copy of the Complaint has been saved on the enclosed disc.

If you have any questions, please do not hesitate to contact me. Thank you for your assistance.

Very truly yours,

Preeya Bansal, Esq.

PB/cl
Enclosures
cc:   Gigi Southwood (via electronic mail)



Eight Penn Ctr., Ste. 2000
1628 John F Kennedy Blvd
Philadelphia, PA 19103
T: 267.273.1054  F: 215.525.0210
murphy@phillyemploymentlawyer.com
www.phillyemploymentlawyer.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| GIGI SOUTHWOOD<br>1354 Wells Street<br>Philadelphia, PA 19111<br><br>              Plaintiff,<br><br>    v.<br><br>MILESTONE MANAGEMENT<br>PA-FEASTERVILLE, LLC<br>201 NE Park Plaza Drive, Suite 105<br>Vancouver, VA 98684<br><br>   and<br><br>RIDGECREST OPERATING, LP<br>d/b/a SYMPHONY MANOR<br>OF FEASTERVILLE<br>2 West Baltimore Avenue, Suite 350<br>Media, PA 19063<br><br>             Defendants. | CIVIL NO. _____<br><br>**JURY TRIAL DEMANDED** |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Gigi Southwood ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendants, Milestone Management PA-Feasterville, LLC and Ridgecrest Operating, LP d/b/a Symphony Manor of Feasterville ("Defendants"), alleges as follows:

### INTRODUCTION

1. Plaintiff brings this Complaint contending that Defendants have improperly failed to pay her overtime compensation for all hours worked over forty (40) in a workweek, pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et seq.*

## PARTIES

2. Plaintiff Gigi Southwood is a citizen of the United States and Pennsylvania, and currently maintains a residence at 1354 Wells Street, Philadelphia, PA 19111.

3. Upon information and belief, Defendant Milestone Management PA-Feasterville, LLC is a limited liability corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a registered business address of 201 NE Park Plaza Drive, Suite 105, Vancouver, VA 98684.

4. Upon information and belief, Defendant Ridgecrest Operating, LP d/b/a Symphony Manor of Feasterville, is a limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 2 West Baltimore Avenue, Suite 350, Media, PA 19063.

5. Defendants are "private employers" and covered by the FLSA.

6. Upon information and belief, Defendant Milestone Management PA-Feasterville, LLC and Defendant Ridgecrest Operating, LP d/b/a Symphony Manor of Feasterville are joint, single, and/or integrated employers with regard to their employees.

7. Plaintiff was employed by Defendants during all relevant times hereto and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

8. At all times relevant hereto, Defendants acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

9. This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

10. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as her FLSA claims.

12. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendants reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14. Plaintiff first began her employment with Defendants on or about November 17, 2011 in the position of Medical Technician.

15. In or around 2016, Plaintiff was promoted to Lead Medical Technician.

16. At all times material hereto, Plaintiff worked out of Defendants' office in Feasterville, Pennsylvania.

17. Throughout her employment, Plaintiff performed her job well, receiving positive feedback and no justifiable discipline.

18. As a Lead Medical Technician, Plaintiff took on a number of different responsibilities. Plaintiff was required to wake up patients, count their narcotics, get them their drinks and snacks, give them medication, and take out the trash.

19. Additionally, Plaintiff was also the scheduler for the Memory Care Department and the Assisted Living Department's caregivers, nurses and med techs.

20. Furthermore, Plaintiff would frequently be asked to work other shifts outside of her schedule, including overnight shifts from 11:00 pm to 7:00 am.

21. By way of background, Plaintiff was routinely scheduled for twelve (12) hour shifts, five (5) days a week, with a total of sixty (60) hours worked for each work week.

22. For example, the week of September 15, 2017 through September 21, 2017, Plaintiff worked approximately sixty (60) hours, but was not fully compensated for all hours worked.

23. As a result thereof, in or around January 2018, Plaintiff made a complaint to Defendants' Executive Director, Gail Peay ("Ms. Peay"), about not being compensated for all hours worked.

24. Plaintiff was told by Ms. Peay, "your hours are being taken, but it's not by me."

25. Upon information and belief, Defendant failed to accurately track and maintain records of the hours worked by Plaintiff.

26. Plaintiff was paid on an hourly basis, and, as such, does not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA.

27. Plaintiff does not perform work directly related to Defendants' management or general business operations, no does she exercise discretion or independent judgment regarding matters of significance to Defendants.

28. Plaintiff did not have the authority to hire, fire or discipline other employees of Defendants, nor does she make recommendations with respect to employee status changes to which Defendants gives substantial weight.

29. Accordingly, Plaintiff does not qualify for the exemption for executive employees under the FLSA/PMWA.

30. Accordingly, Plaintiff is not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

31. Finally, there are not other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

32. Plaintiff was within the meaning of the FLSA and PMWA, a non-exempt employee of Defendants and therefore entitled to compensation for all hours works, including overtime compensation for all hours worked over forty (40) in a workweek.

33. As a result of Defendants' aforesaid illegal actions, Plaintiff has suffered damages.

### COUNT I
### FAIR LABOR STANDARDS ACT
### 29 U.S.C § 211, *et seq.*
### FAILURE TO PAY FOR ALL HOURS WORKED AND TO ACCURATELY TRACK AND MAINTAIN RECORDS OF THE HOURS

34. Paragraphs 1 through 34 are hereby incorporated by reference as though the same were fully set forth at length herein.

35. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

36. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

37. Furthermore, pursuant to Section 211(c), an employer must accurately track and maintain records of the hours that their employees work; however, Defendants failed to do so.

38. Moreover, Plaintiff was not compensated for all hours worked each workweek.

39. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

40. Defendants' actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

41. Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for all compensable hours worked, some of which were in excess of forty (40) hours per week;

B. Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

C. Awarding Plaintiff liquidated damages in accordance with the FLSA;

D.  Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

E.  Awarding pre- and post-judgment interest and court costs as further allowed by law;

F.  Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY FOR ALL HOURS WORKED AND TO ACCURATELY TRACK AND MAINTAIN RECORDS OF THE HOURS**

42. Paragraphs 1 through 42 are hereby incorporated by reference as though the same were fully set forth at length herein.

43. The Pennsylvania Minimum Wage Act provides that employers must pay certain accurately track and maintain records of the hours worked. See 43 P.S. § 333.108.

44. By its actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to accurately track and maintain records of the hours Plaintiff worked.

45. Accordingly, Defendant failed to pay employees for every compensable hour Plaintiff worked each work week.

46. As a result of Defendants' unlawful acts, Plaintiff has been deprived of straight time and overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

WHEREFORE, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid compensation for all hours work to which she is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C. An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: *(signature)*
Preeya Bansal, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
pbansal@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: 6/12/2019

8

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.